HERMANN BOKER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 8, 1907.)

No. 4,238.

CUSTOMS DUTIES—CLASSIFICATION—NICKEL ANODES—"SHEETS."

In construing Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 185, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1645], relating to nickel, nickel oxide, and nickel alloy, "in pigs, ingots, bars, or sheets," held (1) that only nickel in one of the forms enumerated is included; (2) that the provision for "sheets," therefore, does not include anodes consisting of nickel plates about 12 inches long, 6½ inches wide, and less than a half inch thick, a "sheet" being broad, thin, and expanded; and (3) that such anodes are dutiable as manufactures of nickel under paragraph 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,335, T. D. 27,277, in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise in question, invoiced as rolled anodes, consists of plates of pure nickel about 12 inches long, 6½ inches wide, and $^{7}/_{16}$ of an inch thick, which are cut from sheets of nickel and chiefly used for suspension in a bath for nickel plating. They were assessed for duty under paragraph 193 of the present tariff act of July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], as a manufacture of nickel. The importers claim the classification should have been at 6 cents per pound under paragraph 185, reading as follows:

"Nickel, nickel oxide, alloy of any kind in which nickel is a component material of chief value, in pigs, ingots, bars, or sheets, six cents per pound."

The board held that the nickel must be shown to be either "pigs, ingots, bars, or sheets," and inasmuch as the facts of this case do not

bring the importation within the evident language of paragraph 185, the collector's classification was correct. The importers contend that the words last quoted refer and are restrictive only as to forms of nickel alloys, as evidenced by the fact that nickel oxide, nickel cubes and nickel in grains cannot be included in any of such restricted forms, and therefore the importation in question is clearly included in said paragraph as "nickel." But in this contention, I do not agree, as it is proven that the nickel has been advanced by cutting and the plates are made capable of practical use by the mere drilling of holes in their upper ends.

The board expressed the opinion that the merchandise had a distinctive name, purpose, and use; and accordingly testimony was given in this court in opposition thereto. Such testimony indicates that although the articles are chiefly used as anodes they are not precisely like the commercial anodes which have hooks or ears at their upper ends by which they may be suspended in a bath for plating. The evidence offered by the importers, however, to differentiate the imported article from the anode known to the trade is unimportant, in view of the fact that the plates properly belong to a variety or class desired by some users who prefer to drill holes in a plate or supply their own hanging device; and that given tending to show that the articles are commercially known as nickel sheets and not plates is unsatisfactory and inconclusive. Ordinarily a sheet of metal is comprehended to be broad, thin, and expanded, while the dimensions of a plate are appreciably less.

The decision of the Board of General Appraisers is affirmed.